```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

ANDREA TURNER on behalf of herself
and all others similarly situated                              PLAINTIFF

v.                             CIVIL ACTION NO.: 5:23-cv-00074-DCB-BWR

ALFORD, HOLLOWAY, & SMITH, PLLC                                DEFENDANT

MEMORANDUM OPINION AND ORDER

Before the Court are two motions that were filed by Defendant ALFORD, HOLLOWAY, & SMITH, PLLC ("Defendant"), the sole remaining defendant in this lawsuit: (1) a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and (h)(3), [ECF. No. 24]; and (2) a motion to strike Plaintiff's request for attorney's fees and litigation expenses under Fed. R. Civ. P. 12(f), [ECF No. 17]. According to the Amended Class Action Complaint, [ECF No. 21], this matter arose from a data breach that occurred at Defendant's place of business, an accounting firm in McComb, Mississippi. Plaintiff Andrea Turner ("Plaintiff") seeks to certify a class of persons compromised, or potentially compromised, by the data breach. Id. ¶ 71. Plaintiff alleges that, under 28 U.S.C. § 1332(d), her case qualifies as a class action lawsuit over which this Court has subject-matter jurisdiction based on diversity of

citizenship.  [ECF No. 21] ¶ 21.  Having reviewed and considered the parties' submissions and applicable law, the Court finds that, at this time, both motions should be denied without prejudice.  Subject to the parties' completion of the limited jurisdictional discovery ordered below, Defendant shall have the option to re-urge its motions, if Defendant desires to do so.

I.  RULE 12(B)(1) MOTION TO DISMISS

Standard Of Review

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge by motion the subject-matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  "The district court ... has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897 (1981)); accord, e.g., Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir.1996); Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1384 (5th Cir.1989).  The initial jurisdictional burden of proof is on Plaintiff to demonstrate that jurisdiction exists.  Ramming,

281 F.3d at 161 (relying on Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

Defendant asserts, without challenge from Plaintiff in her briefing, that it is making a "factual-attack" on the Court's subject-matter jurisdiction in its Rule 12(b)(1) motion and that the Court may therefore consider facts outside the complaint in its ruling. [ECF No. 25] at 2. Defendant cites in support the Fifth Circuit's decision in Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981). In Williamson, the Fifth Circuit explained that when a district court considers a factual Rule 12(b)(1) motion:

> [T]he district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction.
> ...
> It is true that the factual determinations decisive of a motion to dismiss for lack of jurisdiction are within the court's power, and that no right to a jury trial exists with regard to such issues. [citations omitted]. But still the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss. Thus, some courts have refused to grant such a motion before a plaintiff has had a chance to discover the facts necessary to establish jurisdiction.
> ...
> Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence.

Williamson, 645 F.2d at 412-14.

3

Discussion

Plaintiff contends that there is subject-matter jurisdiction for her claims under 28 U.S.C. § 1332(d), [ECF No. 21] ¶ 21, which codifies certain jurisdictional provisions of the Class Action Fairness Act ("CAFA"), Pub.L. 109-2, 119 Stat. 9 (2005). Defendant counters with an exception to CAFA known as the "home state exception" under 28 U.S.C. § 1332(d)(4)(B).[1] The home state exception to CAFA is triggered when "two-thirds or more of the members of all proposed plaintiff classes in the

---

[1] The home state exception to CAFA in Section 1332(d)(4)(B) provides:

(4) A district court **shall decline** to exercise jurisdiction under paragraph (2) [over a class action in which] -—

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B) (emphasis added).

The statute contains a companion mandatory jurisdictional exception known as the "local controversy" exception. 28 U.S.C. § 1332(d)(4)(A). Both the home state exception and the local controversy exception to CAFA are mandatory abstention provisions that are "'designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.'" Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 570 (5th Cir. 2011) (quoting Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 682 (7th Cir. 2006)).

aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4); see Stewart v. Entergy Corp., 35 F.4th 930, 932, n.1 (5th Cir. 2022); Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 570 (5th Cir. 2011) ("… the home state mandatory abstention provision prevents a federal district court from exercising subject matter jurisdiction … .").  "If the applicability of an exception is not shown with reasonable certainty, federal jurisdiction should be retained."  Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp., 810 F.3d 335, 338 (5th Cir. 2016).  All doubts should be resolved in favor of exercising jurisdiction over the case.  Id. at 337 (citing Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc., 655 F.3d 358, 360 (5th Cir. 2011)).

Considering the undisputed facts in this case (i.e., the case was filed in Mississippi and the only remaining defendant is a Mississippi citizen), Defendant argues that "the only issue is whether the two-thirds or more of the class members as a whole are citizens of Mississippi … ."  [ECF No. 25] at 3.  Defendant concedes that "[a]s the 'party objecting to CAFA jurisdiction,' [Defendant] has the burden to show by a preponderance of the evidence that more than two-thirds

5

of class members are citizens of Mississippi.'"  Id.[2] Relying on Preston v. Tenet Healthsystem Meml. Med. Ctr., Inc., 485 F.3d 793 (5th Cir. 2007) ("Preston I") and the related case Preston v. Tenet Healthsystem Meml. Med. Ctr., Inc., 485 F.3d 804 (5th Cir. 2007) ("Preston II"), Plaintiff argues that Defendant has failed to meet that burden because Defendant's evidence consists of "addresses that it had collected … more than five (5) years before Plaintiff initiated this action."

---

[2] As the Fifth Circuit noted in Hollinger, 654 F.3d at 571, "the party objecting to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divests the district court of subject matter jurisdiction."  Like the procedural posture in Hollinger, Plaintiff initially filed this case in federal court, so there is no pending motion to remand to state court as in Preston II and many other cases that address CAFA exceptions. The Fifth Circuit's explanation in Hollinger applies here:

> In the present instance, the Insured originally filed their complaint in federal court, so the Insurance Companies did not file motions to remand to state court like in *Preston II,* but instead, the Insurance Companies filed motions to dismiss. Nevertheless, the same reasoning applies. Although a motion to remand to state court and a motion to dismiss are not the same, the net result here is the same—the removal of the case from federal court on the theory that it is a "local controversy" or "home state" in nature.

Hollinger, 654 F.3d n.6; see also Williams v. Steward Health Care Sys., LLC, No. 5:20-CV-123-RWS-CMC, 2021 WL 7629734, at *12-13 (E.D. Tex. Dec. 16, 2021), report and recommendation adopted, No. 5:20-CV-00123-RWS-CMC, 2022 WL 575939 (E.D. Tex. Feb. 25, 2022).

[ECF No. 29] at 3.  Defendant disagrees and describes the medical records analyzed in Preston I and Preston II as being factually distinguishable from the evidence in this case due to the natural disaster background of Hurricane Katrina that "played a significant role in the Fifth Circuit's decisions." [ECF No. 30] at 3.  The parties also disagree regarding whether Defendant has provided sufficient evidence of the class members' intent to remain in or return to the State of Mississippi. Plaintiff correctly notes that "citizenship requires residency and the intent to return or remain in the state."  Preston II, 485 F.3d at 815; [ECF No. 29] at 3.  In rebuttal, Defendant claims that its records on each potential class member include employment information, which "the Fifth Circuit explicitly considers … a factor that courts can use to establish domicile, including the intent to remain."  [ECF No. 30] at 4.

It is the Court's view that both sides have made some valid points, but more facts are needed before making a jurisdictional decision that could end this case.  The Court notes that Plaintiff criticizes the method that Defendant has used to determine the class members' citizenship, but the Court has not been presented with practical and available alternative options that could be used to prove citizenship with a reasonable certainty.  The Fifth Circuit instructs that CAFA "[j]urisdictional determinations 'should be made largely on the

7

basis of readily available information.'" Hollinger, 654 F.3d at 570 (quoting S. REP. NO. 109-14, at 44, 2005 U.S.C.C.A.N. 3, 38). The Fifth Circuit further cautions that "the evidentiary standard for establishing the domicile of more than one hundred plaintiffs must be based on practicality and reasonableness." Preston II, 485 F.3d at 816. Recognizing that Defendant asserts its Rule 12(b)(1) motion makes a factual-attack on the Court's subject-matter jurisdiction, which, argues Defendant, entitles the Court to consider facts outside the complaint in its ruling,[3]

---

[3] Compare Ictech-Bendeck v. Progressive Waste Sols. of LA, Inc., 367 F. Supp. 3d 555, 564 (E.D. La. 2019) (district court holding that it may consider only the allegations in Plaintiff's state court petition in determining whether the local controversy exception applies and therefore denying jurisdictional discovery). The district court in Ictech-Bendeck noted that the Fifth Circuit had yet to rule whether a district court may look beyond the pleadings to determine whether the local controversy exception applies in a CAFA case and that the Fifth Circuit expressly declined to address the issue for procedural reasons in Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc., 655 F.3d 358, 361 (5th Cir. 2011). Ictech-Bendeck, 367 F. Supp. 3d at 564; but see Evans v. Enter. Prod. Partners, LP, 426 F. Supp. 3d 397, 402-03 (S.D. Tex. 2019) ("Because prospective class members' citizenship is a fact the court must find to determine the applicability of CAFA's exceptions, it may consider evidence submitted by the parties and is not limited to the pleadings."). In its analysis, the district court in Evans, supra, considered rulings from other circuits: (1) In re Sprint Nextel Corp., 593 F.3d 669, 676 (7th Cir. 2010) (vacating a remand order pursuant to a CAFA exception but ordering the district court to permit the plaintiffs to present additional evidence to prove the proposed class members' citizenship); and (2) Coleman v. Estes Express Lines, Inc., 631 F.3d 1010, 1015 (9th Cir. 2011) (teaching that some elements to CAFA exceptions must appear on the face of the complaint while others are facts the district court must find).

the Court believes the better course at this initial stage of the litigation is to afford the parties an opportunity to conduct limited discovery regarding the facts related to CAFA's home state exception.  Based on the parties' submissions to date, the Court finds that jurisdictional discovery of not more than sixty days that is narrowly tailored to the factual question of citizenship would assist the Court in determining whether two-thirds or more of the members of the sole proposed class are citizens of the State of Mississippi.  The parties' jurisdictional discovery should address the concerns raised in this memorandum opinion and in relevant case precedent.  At the end of the parties' jurisdictional discovery, Defendant will be permitted to re-urge its motion to dismiss, if it chooses to do so.

---

Given these case law inconsistencies, the parties are granted leave to submit optional – not mandatory - supplemental briefing on their respective positions regarding whether the Court can look beyond the pleadings to determine the application of the CAFA exception at issue here.  If submitted, supplemental briefs should be filed prior to the expiration of the limited jurisdictional discovery ordered herein.

II. <u>MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND LITIGATION EXPENSES</u>

Also before the Court is Defendant's Motion to Strike Plaintiff's Request for Attorney's Fees and Litigation Expenses under Fed. R. Civ. P. 12(f).  [ECF No. 17].  The Court finds that it would be precipitous to make a ruling on fees and litigation expenses prior to issuing a final decision on the Court's jurisdiction to hear this case.  In addition, after Defendant filed its motion to strike, Plaintiff filed its Amended Class Action Complaint.  [ECF No. 21].  The parties acknowledge that the subsequent filing of an amended complaint ordinarily renders as moot a pending motion that is directed to the original complaint.  [ECF No. 23] at 2; [ECF No. 27] at 1; <u>see</u> <u>SwissDigital USA Co. v. Wenger S.A.</u>, No. 6:21-CV-00453-ADA-DTG, 2022 WL 1477625, at *1 (W.D. Tex. May 10, 2022), <u>report and recommendation adopted,</u> No. W-21-CV-00453-ADA, 2022 WL 3500122 (W.D. Tex. June 7, 2022) ("Generally, an amended complaint renders pending motions moot."); <u>see also</u> <u>King v. Dogan</u>, 31 F.3d 344, 346 (5th Cir. 1994); <u>Cedillo v. Standard Oil Co. of Tex.</u>, 261 F.2d 443 (5th Cir. 1958).  The Court finds that to be the case here and will deny the motion to strike as moot without prejudice.  Subject to the outcome of the Court's final decision on subject-matter jurisdiction, Defendant will be granted leave to challenge this issue later.

10

Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss For Lack of Subject Matter Jurisdiction [ECF. No. 24] is **DENIED** without prejudice, with leave to re-file after limited jurisdictional discovery is completed;

IT IS FURTHER ORDERED that, commencing on the date of this Memorandum Opinion and Order, the parties are permitted to conduct the limited jurisdictional discovery described herein for a period of not more than sixty (60) days from the date of this opinion; and

IT IS FURTHER ORDERED that the Motion To Strike Plaintiff's Request For Attorney's Fees And Litigation Expenses [ECF No. 17] is **DENIED** without prejudice as moot, with leave to re-file if the Court rules that it has subject-matter jurisdiction of this case.

SO ORDERED, this the 13th day of June 2024.

                                             /s/   David Bramlette
                                       UNITED STATES DISTRICT JUDGE